## ADAMS & TAYLOR v. McGREW.

1. A permission to the defendant to use a bill of exchange as a set off, and to be liable to the owner for the amount only in the event it can be made available as a set off, is not such a property in the bill as to entitle the defendant to use it as a set off.

Error to the County Court of Sumter.

THE action was on a promissory note by the plaintiff in error against the defendant in error. Under the plea of set off, the defendant offered in evidence a bill accepted by plaintiffs, which it was proved he received, and was to account for in the event only that he could make it available to him in a settlement with the plaintiffs, and if not, it was to be returned.

The plaintiffs moved the Court to instruct the jury, that the defendant, to make the bill available as a set off, must prove an absolute, unqualified property of the same in him; which the Court refused, and charged the jury that, if they were satisfied of the genuineness of the acceptance, and that the defendant

held the same under an agreement prior to the commencement of the suit by the plaintiffs, they must allow the bill as a set off; to which charge the plaintiffs excepted. A verdict and judgment being rendered for the defendant, the plaintiffs prosecute this writ of error; and now assign for error the charge of the Court given, and the refusal to charge.

SMITH & HARE, for the plaintiffs in error, cited 7 Porter 110, 549.

REAVIS & BOYD, contra.

ORMOND, J.—The charge of the Court cannot be supported. A demand, to be good as an offset, must be such an one as a suit could be maintained on; for an offset is in the nature of a cross action. The defendant had no property in the bill which he was allowed to set off against the plaintiffs' demand; but a permission to use it if he could make it available in a settlement with the plaintiffs, in which event only was he to account for it with the owner. This was not such a property in the bill as would constitute a set off against the plaintiffs' demand; and the judgment must therefore be reversed, and the cause remanded.