## GRAY'S ADM'RS v. E. J. & H. WHITE.

1. To a plea that the note on which the action is brought, was not presented to the administrators of the maker, the plaintiff may reply that the debt was contracted out of the State, without denying that the payee resides within the same.

2. The statute which allows a defendant to plead as many several matters as he may judge necessary to his defence, does not authorise the defendant to rejoin two distinct answers to the replication.

3. The general rule which requires a plaintiff in an action *ex contractu* against several, to show the liability of all the defendants, to entitle him to a judgment against a less number, does not apply where the defendants are sued as execu.  tors or administrators, upon a contract made with their testator or intestate; in such case, the plaintiff is entitled to a judgment against such of the defendants as may be shown to sustain the character in relation to the estate of the deceased, in which they are charged.

WRIT of error to the County Court of Tuskaloosa.

This was an action of *Assumpsit*, by the defendants in error, against the plaintiffs and Lorenzo L. Sexton, on a promissory note made by a mercantile firm, of which their intestate was a partner, for the payment, twelve months after date, to the order of the Messrs. White, of the sum of four hundred and eight 18-100 dollars, at the U. S. Bank in Mobile.

The defendants below pleaded jointly. 1. That they were not administrators. 2. *Non-assumpsit* by intestate within six years. 3. *Actio non accrevit infra sex annos.* 4. The statute of non-claim; and 5. *Non-assumpsit.* To the first plea, the plaintiffs replied that the defendants were administrators, and concluded to the country; to the second, that suit was brought within six years after letters of administration were granted, &c.; that before the maturity of the note, the intestate died; that on the 30th March, 1835, letters of administration were granted, &c; that suit could not be brought against the administrators within six months, but was brought within the six years next after the lapse of the six months. To the third plea, there was a similar replication; to the fourth, it was replied that the debt was contracted out of the State; and on the fifth issue was joined.

The defendants demurred to the replication to the fourth plea, which being overruled, they filed two rejoinders; but the court, on motion, directed the defendants to strike out one of them, and thereupon they excepted.

On the trial, the defendants excepted to the charge of the court to the jury, which informed them, that they might find in favor of Lorenzo L. Sexton, if the proof showed he was not administrator, and against the other defendants, if the proof authorised it. The jury returned a verdict in favor of Lorenzo L. Sexton, and against the others, and a judgment was rendered accordingly. To revise that judgment, the unsuccessful parties have joined in the prosecution of a writ of error.

Peck, with whom was L. Clark, for the plaintiffs in error, insisted, that the court erred. 1. In overruling the defendants demurrer to the plaintiffs replication. 2d. In directing one of his rejoinders to be stricken out; and 3d. In the charge to the jury. They cited 1 Saund. Rep. top page, 260, note 7; Bac. Ab. Title Plead. 40, 1; 5 Esp. Rep. 47; 3 Id. 76; 11 Johns. Rep. 113; 20 Id. 106, 122–3.

J. J. Porter, for defendant. 1. The replication to the plea of the statute of non-claim was good. Sanford, adm'r v. Weeks, 3 Ala. Rep. 369.] 2. Although the defendants may plead several pleas to the declaration, yet .it is not allowable to rejoin two distinct matters to the replication. [5. Bac. Ab. Pleas & Plead. K. 3, 447; Gould's Plead. 429; 1 Chit. Plead. 687.] 3. It was competent for the plaintiffs below to recover against such of the defendants as were shown to be administrators, and for the jury to find in favor of the other defendant.

COLLIER, C. J.—1. It is insisted, that the replication to the fourth plea is too limited in its averments; that it is not enough to show that the debt sued on was contracted in another State, but it should go further, and deny that the payee of the note resides here. Such is not the law. The statute which requires the presentation of claims against the estate of a deceased person within eighteen months from the grant of letters testamentary, or of administration, contains an express exception in favor of debts contracted out of the State. Under the influence of that excep-

tion it has been held, that a replication which sets out that the debt in suit was contracted in another State, designating it by name, is entirely sufficient. [Sanford, adm'r v. Wicks, 3 Ala. Rep. 369.] The replication in the case at bar, comes fully up to the requirement of the case cited.

2. The statute of 4 and 5 Ann, chap 16, enacts that the defendant in any action or suit, &c., may, with leave of the court, plead as many several matters thereto, as he shall think necessary for his defence. Our statute upon the subject uses terms not materially different, and provides, that " the defendant in any cause may plead as many several matters as he may judge necessary to his defence." Under the English statute it has been held, that although it is permissible to interpose several pleas to the declaration, the defendant cannot rejoin two several matters to the plaintiff's replication. [Warrant v. Ives, 2 Strange's Rep. 908; 5 Bac. Ab. K. 3, 447.] And such being the settled construction of that enactment, our act which was borrowed from and passed in reference to it, must receive a similar interpretation. Consequently, the direction of the court to strike out one of the defendant's rejoinders to the plaintiff's replication was entirely proper.

3. It is argued for the plaintiff in error, that the general rule, which requires the plaintiff in an action *ex contractu*, to make out his right to recover against all the defendants, in order to a judgment against any, proves the charge of the circuit judge to be erroneous. To the justness of this conclusion we cannot assent, when attempted to be applied to the present case. The defendants are not sought to be charged upon a contract made by themselves, but the declaration sets out a legal liability, made by the intestate and his copartners. An executor or administrator, is in general regarded as a mere trustee for creditors and the legatees, or distributees, and when sued upon a contract entered into by his testator or intestate, *will not be considered* as having promised *in fact*. They succeed to the legal rights of the deceased in such part of his estate as they are entitled to, and must be sued for the recovery of the debts with which he was chargeable. [Grassner v. Eckart, 1 Binn. Rep. 575; Wilson v. Wilson, 9 S. and R. Rep. 428.] And it has been held, that the rule, if one of two persons having a joint cause of action *ex contractu*, sues alone, advantage may be taken under the general issue, does

JUNE TERM, 1843. 493

Kemper and Noxubee Nav. and R. Estate Banking Company v. Schieffelin & Co.

not apply to a party suing in a representative character, for in the latter case, the non-rejoinder can only be taken advantage of by plea in abatement. [Holmes v. De Camp, 1 Johns. Rep. 34.] In Griffiths v. The ex'rs of Fiestall, [1 Mood. & M. Rep. 146,] two defendants being sued as executor and executrix, pleaded *ne unques executor and executrix*, it being proved that one of them only was an executor, a verdict was claimed for both defendants, or that the plaintiff should be non-suited, under the general rule, that if one defendant be discharged in assumpsit, the other must be also. The court held, that the plaintiff was entitled to a verdict on the counts which lay the promises by the testator. In those counts, the contract is alleged to have been made with the testator, and is proved as laid; the principle does not apply to a plea which does not put the contract in issue, but only goes to the personal discharge of one of the parties. [See also 1 Saund. Rep. 207, note a; 2 Lomax's Ex'rs & Adm'rs, 416.] The result of that case was not influenced by the fact that the defendants were sued as executors, instead of administrators. It is alike applicable in its reasoning to each description of representatives, and ascertains the law correctly.

It follows from what has been said, that the judgment of the county court must be affirmed.