## WINSTON v. METCALF.

1. P. and W. are the joint makers of a note to one J. W., who assigns it to M., but previous to any notice to the payees of the assignment, P. one of them acquired a note made by J. W., payable to one J. P., and by him assigned to P. *Held*, in a suit on the note by M. against W., that the latter was entitled to

the benefit of the set-off held by his co-maker P. against J. W., on producing the note at the trial, with the consent of P., to use it as a set-off.

2. An agreement, contained in the body of a note, purporting to be in consideration of the hire of slaves, to return the slaves clothed as slaves usually are, is not assigned by the indorsement of the note, nor can the assignee maintain an action for the breach of it, when suing for the money due on the note.

Writ of error to the County Court of Sumter.

Assumpsit by Metcalf, as the indorsee of a promissory note, described in the declaration as made by Winston, for the payment of 200 dollars, to one Waller, on the 1st January, 1842, for the hire of two slaves, which were to be returned clothed as slaves usually are. The breach assigned is, the non-payment of the money, and the not returning the slaves clothed in the usual manner. The defendant, in addition to the general issue, with notice of set-off, pleaded a special plea to this effect:—That the note was made by one Pettus and the defendant, the latter being a mere security; that Pettus, previous to the assignment of the note sued on by Waller to the plaintiff, had become the owner of the note made by the former to one Pierce for 125 50-100 dollars, due the 1st day of January, 1841; which note was assigned by the said Pierce to Pettus before any notice of the assignment of the note due to Waller. That the same was purchased as and for an off-set to the note sued on, and for the just account and benefit of the defendant and the said Pettus; and that the defendant, with the concurrence and consent of Pettus, produces the said note so assigned, and offers to set-off the same to part of the demand sued for. The court sustained a demurrer to this plea; and at the trial, the same facts, in substance, were proved before the jury; and, also, that the defendant had no other interest in the note than as an off-set to this suit, and never had it in his possession, though it was produced in court and offered as a set-off.

The court rejected the set-off; and this is now assigned as error, as is, also, the overruling of the demurrer to the plea.

Bliss & Baldwin, for the plaintiff in error, cited Minor, 321; 1 Ala. Rep. N. S. 93; Bab. on Set-off, 22; 8 N. H. 539; 4 ib. 236; 3 Mon. 19; 4 ib. 1; 4 John. C. Rep. 15; 13 Johns. 9; 3 Mason, 145.

Metcalf, *contra*, insisted, that Winston had no interest in the note offered as a set-off. [2 Ala. Rep. 675.] Besides the general objection to the set-off as not being a debt between the same parties, a part of the demand sued for is unliquidated damages, to which there can be no set-off. [Williams v. Love, 2 Ala. Rep. 71; Chitty on Con. 658.]

A surety cannot set-off a debt due to the principal. [Lyon v. State Bank, 1 Stewart, 442; Holmes v. Bullock, 4 Ala. Rep. 228; Clay's Digest, 382; Minor, 321.]

GOLDTHWAITE, J.—1. The validity of the set-off, produced at the trial, depends upon the construction of the statute of set-off in connexion with other enactments supposed to bear on it. So much of that statute as affects the question now raised, is in these words: "In all cases where there are, or shall be mutual debts subsisting between the plaintiff and the defendant, or if either party sue or be sued as executor or administrator, where there are mutual debts subsisting between the testator and the other party, one debt may be set-off against the other." Clay's Digest, 338, § 161.] This statute was enacted in 1807, at which time the enactment making joint obligations, &c., joint and several, had not been passed; nor was our present statute, securing the right of the maker of a note to set-off, against the assignee, any demand possessed against the note previous to notice of the assignment, then in force. At that time, all promissory notes were assignable in the same manner as inland bills of exchange. [Laws of Ala. 67 §1.] It is obvious, therefore, when these statutes alone are regarded, the question now presented could not arise: first, because a *bona fide* assignee took the note discharged of all equities; and, second, because the plaintiff was then constrained to sue all the makers of the note jointly.

The first change of law connected with this subject, was made in 1812, when the general negotiability of promissory notes was restrained, and a condition imposed upon their transfer. This condition is, "that the defendant shall be allowed the benefit of all payments, discounts and sets-off made, had or possessed against the note sued on previous to the notice of the assignment, in the same manner as if the same had been sued and prosecuted by the payee." [Clay's Digest, 381, § 6.]

It is clear, with reference to this latter statute, if the suit had

been-brought against both principal and surety, that the note of-
fered as a set-off, must have prevailed; for the case then would
be precisely the same as Pitcher v. Patrick, [Minor, 321,] where
a debt due to the obligee, from one of two obligors, was allowed
as a set-off to an action by the administrator of the obligee against
both obligors. To the same effect is Carson v. Barnes, [1 Ala.
Rep. N. S. 93.] Both these decisions were doubtless influenced
by another enactment passed in 1818, which declared the effect
of all joint obligations to be joint and several, and permitted the
plaintiff to proceed against one or more of the joint obligors, &c.
[Clay's Digest, 323, § 61.] It is this statute which warrants the
plaintiff in this suit in proceeding against Winston alone; and it is
insisted, the effect of it is to prevent the introduction of any set-
off exclusively owned by the other maker of the note, inasmuch
as the debts, in this condition of the case, cannot be said to be mu-
tual. The strongest point of view in which this question can
be considered on the part of the plaintiff is, that the character of
joint and several obligations is not so completely changed as to
abolish the consequences which arise from the death of one of
the makers; in which event a complete legal remedy only re-
mains as against the survivors; or rather, there is not an unre-
stricted right to proceed against the personal representative of
the deceased maker. This point received some consideration in
the case of Von Pheel v. Connelly, [9 Porter, 452.] There, the
action was by the assignees of a note payable by two persons;
to this action the defendants pleaded a set-off due by *open* ac-
count from a firm, of which the payee of the note was a partner,
and this was held not to be a mutual debt within the meaning of the
statute. The precise difference between that case and this, on
the principle we are now considering, is that no several suit
could have been brought against the persons owing the account,
inasmuch as demands of that description are not made joint and
several by the statute. It is perhaps impossible to say that this
feature of joint obligations, remaining unchanged, may not have its
effect in some cases, but what this effect is, it is improper to spec-
ulate upon in advance.

Indepenent of any consideration whether this is a mutual debt
within the terms of the general statute of set-off, we think it is
within the precise words of the restriction imposed on the as-
signment of promissory notes. When the plaintiff acquired his

interest in the note sued on, it was affected with the right of the principal debtor to set-off the note then held by him against the payee; and it seems to us that this right can be in no wise impaired by any act of the plaintiff. True, he is entitled to sue either party severally, but it by no means follows, that when he does so, that he avoids any defence which could be interposed if the suit was brought against the principal debtor. Any other construction of these statutes will lead to the great injustice of allowing a party, by selecting one out of several persons equally responsible to him, to avoid the just operatien of the law.

The principal debtor is liable to indemnify his surety whenever the latter pays the debt; and when the former has procured a valid set-off, we perceive no sound reason why the surety should not be permitted, with his consent and concurrence, to enforce it in the same manner as if the suit was against both jointly.

The case of Lyon v. The State Bank, [1 Stewart, 442,] does not assert a principle different from that now held; for there, no assent of the principal debtor was shown that the money due to him from the bank, and held in deposite, should be applied in discharge, or as a set-off of the debt. We are not to be understood as disturbing those decisions, where we have held that a set-off must be such a legal debt as will entitle the party offering it to maintain a cross action. [Crawford v. Simonton, 7 Porter 110; French v. Garner, ib. 549; Bell v. Horton, 1 Ala. Rep. N. S. 412; Adams v. McGrew, 2 Ala. Rep. 675; Holmes v. Bullock, 4 ib. 228.]

2. It is also urged, as a reason why this set-off ought not to be allowed, that the action, in part, is brought to recover unliquidated damages, supposed to accrue from the omission of the makers of the note to return the slaves clothed in the usual manner. We apprehend, however, that no right to recover damages, on this account, passed to the assignee, inasmuch as their engagement, in this respect, is neither a promise to pay *money or any other thing*, and, therefore, is not assignable within the statute. In Virginia it has been held, under a statute very similar to our own, that bonds, &c., with a collateral condition, are not assignable. [Henderson v. Hepburn, 2 Call. 232; Lewis v. Harwood, 6 Cranch, 83.] Our statute, it will be seen, excludes the idea that such an agreement is assignable; and the only legal effect which can be given to the assignment of the note sued on, is to consider

it as investing the assignee with the right to sue in his own name for the money promised to be paid.

From what has been said, it will be seen that our conclusion is, that the plea is sufficient in law as a bar for so much of the suit as is covered by the note offered as a set-off. Also, that the evidence offered should have been admitted at the trial on the other issue.

Judgment reversed, and cause remanded.