## CHANDLER AND MOORE v. LYON ET AL.

1. C. borrowed the bills of an unchartered banking company, from one L. assuming to act as its President, and gave his note for the same amount, payable at a future day, with M. as his surety. The bills received, were the bills of the company, and made payable to S. Jones, or bearer, but not assigned. The note given was payable ninety days after date, to L., or order. After the note became due, C. procured other bills of the company, and went to the place where it transacted business, but found no one there to receive payment, or give up the note. The company was composed of L. and S. chiefly, and if of others, they are unknown. L. and S. both absconded from the State soon after, and are entirely insolvent. Afterwards, suit was commenced, in the name of the administrator of L., for the use of one Miller, against C. and M., who being unable to succeed in making any defence at law, a judgment was recovered. Afterwards, an execution upon it was levied on the property of M., in common with other executions, and his property sold. A case was made between the several plaintiffs in execution,

and the sheriff selling the property, to determine the priority of the executions, and such proceedings had, that the administrator of L. recovered a judgment for the use of Miller, against the sheriff and his sureties. C. filed his bill, setting out these facts, insisting that the company was contrived and set on foot to defraud the public—that the death of L. was merely simulated, to enable the other parties to carry their fraudulent plans into effect; that the note yet remained the property of the company, and that in equity he was entitled to set off the notes held by him, and to enjoin the collection of the judgment against the sheriff, as C. would have to reimburse M. if that was paid. The defendants demurred to the bill, for want of equity, and this demurrer being overruled, admitted all the facts stated to be true, if they were well pleaded: *Held*—

1. That suit being in the name of the administrator of L., the notes held by C. against the company, were not legal off sets, and that on this ground there was relief in equity.

2. That the circumstance that the notes were held by C. when the judgment was obtained, or suit brought against C. and M. did not take away the equity, as M. was a surety only.

3. That C. being entitled to his relief against the parties to the judgment at law, it extended also to defeat the recovery against the sheriff, as without this, the relief would be of no avail.

4. If the original transaction between C. and the company was illegal, it does not defeat C.'s right to set off the other bills afterwards procured by him.

5. [*Upon the petition for re-hearing.*] That although C. might have defeated the suit at law, by pleading that L. was yet alive, or by showing that the suit was collusive, and that the interest in the note sued on then belonged to the company, yet his omission to do so, was no bar to relief in equity. The suit being in the name of the administrator of L., C. is entitled so to consider it, and it is no answer to the complainants to say, that by showing another state of facts, he could have had relief at law.

Writ of Error to the Court of Chancery for the fourth district of the Northern Division.

THE case made by the bill, after divesting it of extraneous matter, is this:

Chandler, in November, 1838, was desirous to borrow some money, and was ignorant that unchartered associations were prohibited from issuing notes, to circulate as money. He, in that month, applied to the Wetumpka Trading Company, an unincorporated association, transacting business at Wetumpka, through one Isaac Lyon, as their President and agent, and received from him six hundred dollars in post notes of the said

company, payable at ninety days. These notes were in the form of bank bills, of various denominations, and intended to circulate as money. For these, Chandler, with Moore as his security, gave his note for six hundred dollars, payable at the office of the said company, to the order of Lyon, sixty days after date. The note, although payable to Lyon, was a transaction with the company. Chandler made a payment of one hundred and eighty-two dollars on this note, in October of the same year, and afterwards provided himself with notes of the said company, to discharge the remainder, but when he came to the office of the company, Lyon refused to be seen, and absconded the next day. The notes held by Chandler were payable to S. Jones, or bearer. The company was set on foot for the purpose of defrauding the public, and was solely owned and controlled by Lyon, or by others who are entirely insolvent. Lyon caused a report to be spread of his death, for the purpose of avoiding pursuit and detection. Previous to his flight, he abandoned the papers belonging to the company, and among them the note above described, as valueless. Suit was soon after commenced on the note, in the name of W. J. Campbell, as administrator of said Lyon, for the use of one Jonathan Miller, who is the father-in-law of Lyon, and lends his own name for the purpose of the suit, but has no interest in it, as the money, if collected, is to be divided among the aiders and abettors of the Wetumpka Trading Company; but these persons are unknown to the complainants. Lyon and one Smith, the only two persons known to be liable as members of said company, are entirely insolvent, and reside out of the limits of the State, in parts unknown. Although the suit is instituted on the note in the name of Campbell, for the use of Miller, the interest in it is yet in the Wetumpka Trading Company, or in Lyon, as its owner. That the notes on that company held by Chandler, are due him in the same right. Judgment was rendered in the suit above described, the complainants asserting they were unable to make any defence to it, by way of set off, by reason of the difficulty of identifying and proving the notes, and because *prima facie* they were not due in the same right.

Execution having issued, was levied by Spencer, as sheriff, on the property of Moore, and he having several executions against that person, questions of priority of satisfaction arose

between the several plaintiffs, which resulted in Campbell, for the use of Miller, obtaining a judgment against Spencer, for not paying over the money collected, or which should have been collected, from the property of Moore. Chandler insists, that if Spencer pays this judgment, Moore will have a claim against him, (Chandler,) for so much money paid on account of the note. The bill prays that Campbell and Miller may be enjoined from proceeding against Spencer or the complainants; that the notes held by Chandler may be set off against the judgment obtained by Campbell, as administrator of Lyon, for the use of Miller, and for such other relief as may be necessary. The defendants demurred to the bill, and set out the following grounds of demurrer:

1. Because no equity is shown, to entitle the complainant to the discovery and relief sought.

2. There is no sufficient excuse shown why the defence was not made at law; and because it could have been so made.

3. Chandler has no right to control the judgment against Spencer; neither has Chandler and Moore.

4. On the face of the bill, it is shown that the judgment against Chandler and Moore is satisfied.

5. The bill is multifarious.

The Chancellor overruled the demurrer, and then it was agreed between the parties, that all the facts well pleaded should be taken as true. A final decree was therefore rendered for the complainants, the form of which is not called in question here.

The defendants assign as error that the Conrt should not have overruled their demurrer, but should have dismissed the bill.

J. W. Pryor and W. W. Morris, for the plaintiff in error, argued—

1. The bill sets out an illegal contract, in which the complainant, Chandler, participated, In such a condition of parties the defendants have the best of it. [Monk v. Abell, 3 B. & P. 35; United States v. Owens, 2 Peters, 527.]

2. The complainants cannot come into equity for a new trial upon any of the matters of fraud alledged in the bill; and if this fraud extended to the manner of executing the notes of the

company, so as to give Chandler no right of action in his own name on them, that point must be concluded also.

3. Whatever may be the apparent equities of the parties, it is clear Chandler has sustained no injury; the judgment against him is satisfied, and it may be that Moore will never call on him to refund.

4. If this is a proceeding by Chandler, to secure a debt due him from the Wetumpka Trading Co., it will not be permitted in equity, until he has exhausted his remedies at law. [Wiggins v. Armstrong, 2 John. Ch. 144; 1 Vern. 399.]

5. The judgment of the Court determining the priority of the liens of the several plaintiffs in execution, and declaring Spencer liable to Campbell, for the use of Miller, is a judgment *in rem*, and binding on every one, whether before the Court or not. [Gelston v. Hoyt, 13 John. 139.]

6. The very circumstance that this money, under the decree, may never be refunded to Moore, and that it may be appropriated to other executions, is almost conclusive to show that there is no equity as against Miller.

7. There is no connection between the demand on which judgment was obtained, and those sought to be set off, and it is apprehended that no case can be found where a demand, collectable at law, unconnected with a trust or other exclusive matter of equitable cognizance, can be enforced until a judgment at law is obtained.

8. The case of Schiefelin v Noxubee Co. recently decided by this Court, shows that Chandler had a complete remedy at law, and might have used the notes held by him as a set off.

W. P. Chilton and Bowden, contra, contended—

1. That the bills held by Chandler could not have been used by him, in the trial at law, as a set off, however much they might have conduced to prove a fraud. [French v. Garner, 7 Porter, 549.]

2. If they could have been so used, the insolvency and non-residence of Lyon, is a sufficient reason to let in the equitable jurisdiction. [Pharr v. Reynolds, 3 Ala. Rep. 523.]

3. Chandler, as a creditor, might pursue the demand in progress of collection, because he has no legal remedy in such a case; but the bill is not framed for that purpose. Chandler and

Moore seek to have the debt paid, by setting off one due in equity, and not at law, to Chandler. Chandler could not sue in his own name on the bills held by him, and therefore could not set them off. It makes no difference whatever, how near the defendant, Lyon, has accomplished his intention, a Court of equity can stop him at every point. [Treble v. Lane, 7 Monroe, 455 ; Montague, 61 ; 19 Vin. Ab. 469 ; Ex parte Blagden, 3 Bibb, 255 ; Hughes v. McConnell, 1 Bibb, 256 ; Dale v. Sallet, 4 Burr. 2133; Green v. Farmer, 4 Burr. 2221 ; James v. Kynnier, 5 Vesey, 110 ; Payne v. Loden, 1 Bibb, 518 ; Barclay v. Hart, 4 Burr. 1996; Talbot v. Warfield, 2 J. J. Marsh. 86 ; Talbot v. Banks, 2 J. J. Marsh. 548 ; Stewart v. Chamberlin, 6 Dana, 32; Merrel v. Fowler, 6 Dana, 305; Watkins v. Chamberlin, 8 Dana, 164 ; 6 Ib. 224 ; 14 John. 53 ; Chance v. Isaacs, 5 Paige, 592 ; Robbins v. Holly, 1 Monroe. 194.]

GOLDTHWAITE, J.—1. The matters of fraud with respect to the transactions of the Wetumpka Trading Company, and the simulated death of Lyon, are so prominently set forth in the bill, that our first impression was, that these were the sole grounds on which relief was sought; but a more caerful examination has satisfied us, as it did the Chancellor, that the complainants are entitled to relief on the ground of set off. It sufficiently appears, from the bill and exhibits, that at the time Campbell, as the administrator of Lyon, commenced his suit against Moore and Chandler, the latter was the holder and owner of notes of the Wetumpka Trading Company, of which Lyon was a partner, if not the only individual composing it. The bills held by Chandler are payable to S. Jones, or bearer, and do not appear to have been assigned or indorsed by him. Now, whether Lyon was a partner, or the only member of this concern, it is evident he could not have been sued by Chandler in his own name. Consequently he could not have set off the bills to the suit against him and Moore, even if Lyon was the only person liable; but if he was a partner only, the liability of his personal representative was yet more remote. The same observations will apply to a defence of set off, made upon showing that the suit, though in the name of Lyon, was in fact for the benefit of the Wetumpka Trading Company. Chandler could not have sued them in his own name, and therefore under

Chandler and Moore v. Lyon, et al.

repeated decisions of this Court, could not have given the bills in evidence as a set off. [French v. Garner, 7 Porter, 549.]

2. It is a matter of no importance to the investigation of this suit, whether Lyon is dead or living, or whether the one or the other of the complainants are entitled to the relief. It is true, there is no mutuality in the debt reduced to judgment, under the statute of set off, but the decision recently made of Winston v. Metcalf, 6 Ala. Rep. 756, shows that a debt due to the principal debtor may be discounted when the surety is sued; and of course the same rule applies, where both are joined in the action.

3. The circumstance that such proceedings have been had, that a judgment has been obtained against the sheriff, by the administrator of Lyon, although it involves the case, and renders it more complex, does not stand in the way of relief, as that judgment is not in the nature of a penalty. It is only one mode which the law allows to a party to get at money which he is entitled to, but it gives him no right whatever to enforce that to which he has no claim in good conscience.

4. With respect to the objection, that Chandler is a *particeps criminis* in the illegal transaction of circulating the bills of the company, it is sufficient to say, that however that may be as to the bills received for the original loan, it does not appear to be so with respect to those which he afterwards obtained for the purpose of making payment. The question, therefore, is a fact not raised, to which our attention is called by the defendants' counsel.

The form of the decree is not called in question by the errors assigned, and therefore the judgment here must be one of affirmance generally, and with costs.

At a subsequent day of the term, Mr. PRYOR, for the plaintiff in error, submitted a motion to re-hear this cause; and called the attention of the Court to the decree made in the Kemper and Noxubee Co. v. Scheffelin, 5 Ala. Rep. 492.

GOLDTHWAITE, J.—It is certain the case referred to by the plaintiffs, was overlooked by me when the opinion was written, nor did I at that time know of its existence. I may now be permitted to say, that I very fully accord with the principles there settled; but though this decision shows that the

complainant, Chandler, might have either sued the company in his own name, or have asserted his set off against the suit by the administrator of Lyon, upon showing that the suit, though in this right, was in truth the suit of the company, yet he was not bound to do so.

It is true, he asserts in his bill, that the suit against him in the name of Lyon's administrator was collusive, and that the interest in it remained in the Trading Company, but this is only one of the aspects of the case in which he is entitled to relief. The defence which he could have thus interposed to the suit at law, by going behind it, and showing that the bringing it in that name, was a fraud upon him, is a privilege which the law accords to him, but which involves no consequences, if he omits to make it in that manner.

The argument amounts to this: the complainant kne wthe suit was a fraudulent and collusive one, and could have defeated it in that aspect; and because he omitted to do so, he ought to be deprived of his right to defend the suit, in the aspect in which it was fraudulently presented. We cannot yield our assent to this proposition. The administrator of Lyon brings the suit, and in that particular aspect the notes for which Lyon, in his lifetime, was jointly responsible, cannot be interposed as a set off, because the right of set off, does not exist at law, under such circumstances. The debt is gone against his representatives at law, except under peculiar circumstances, and in no condition of which could the liability *sub modo*, be asserted as a set off. It is stated in the bill, that Lyon and one Smith were the only partners of the company, known to the complainants, and that both were insolvent, as well as having absconded. Under this State of facts, a clear and well recognized equity existed, for Chandler to set off the notes held by him, against the judgment recovered by Lyon's administrator. This is one of the grounds for relief asserted by the bill, and meets the suit at law, as those interested in it have chosen to present it, and, in our judgment, it is no answer to the complainants to say, that if another State of facts asserted by them, is true; they could have had relief at law. It may be that they could, but as before stated, that privilege is accorded to those showing that the plaintiff is a simulated person, but they are not bound to do so. Motion denied.