Mr. Justice Walker delivered the opinion of the Court. Whether the court below erred or not in overruling the plaintiff's motion to strike from the files the four rejoinders of the defendant to the plaintiff’s replication, must depend upon the right which the defendant had to>file them under the statute, or in point of order, or time; or because by no form of pleading could the subject matter be made a legal response to the replication. In regard to the first class of objections, it may be remarked that whilst our statute, like that of Ann, gives to the defendant a right to file as many pleas as he may deem necessary for his de-fence, these statutes have uniformly been held to extend to pleas only, and left the parties to be governed by the common law rule in regard to other pleading, under which but one plea, replication or rejoinder, was allowable to a count, plea or replication. 2 Strange 908. Gray's ad. v. White, 5 Ala. Rep. 492. Our statute has, however, conferred upon the courts, when in their opinion it shall become necessary to attain the ends of justice, upon application for that purpose, to allow more than one replication or rejoinder. Sec. 77, Dig., ch. 126, If such application was made and leave granted in this case, the record should show it, and as no such application or order appears of record, it is only by inference, from the fact that the court refused to strike them out, that we may infer they were filed with its consent. The state of the pleadings in this, as well as in several other cases before us, induces the belief that the circuit courts overlooked the 77th section of the statute, and, acting under the provisions of the 69th, considered the right to file several replications or rejoinders, as co-extensive with pleas. Such is clearly not the case. The defendant’s right to file several pleas under the 69th section, is unconditional, and, if within the time prescribed by the statute for pleading, may be done without leave of the court; whilst the right to file more than one replication or rejoinder depends upon leave granted for that purpose, upon motion and consideration, as to whether such additional pleading is necessary to the attainment of justice. In order to enable the court to exercise its discretion, the facts should be presented by motion or petition, and perhaps the more regular practice would be to present with it the pleading intended to be filed, that the court might, upon examination of the issues formed and the nature of the action, as well as the additional pleading presented,' determine whether such leave should or not be granted. And such application and the decision of the court upon it, as in all other matters determined by the court, should appear of record. A glance at the rejoinder on file in the case under consideration, will suffice to show that the circuit court either overlooked or disregarded the 77th sec., or it never would have suffered these rejoinders to have been filed. Taken all together, they do, at most, but amount to nultiel record, and traverse the material facts of the replication. We are aware that something more than this seems to have been contemplated, by the defendants. He no doubt intended to put in issue the identity of the defendant and of the cause of action in the two suits. This he wholly failed to do. The records (the only competent evidence under the issue), in which like names and causes of action were disclosed, was amply sufficient to sustain the issue on the part of the plaintiff. He who would question these matters, must do so by affirmative pleading; when the existence of the record is denied, or when any material fact therein is denied, the record is the only evidence permissible. May v. Jamison, 6 Eng. Rep. 368. The case of Barkman v. Hopkins & Co., 6 Eng. Rep. 157, may to some extent show the proper mode of interposing a defence of this kind. In that case, the record showed a judgment prima facie valid and binding upon the defendant: nul tiel record would not have availed him as a defence, yet a special plea was allowed, settingup new matter consistent with facts set forth in the record, and yet a valid defence! There are two other decisions of this court which maybe thought to bear upon this question. The first is the State v. Murphy, indicted for an escape. That was a criminal proceeding where the general issue put the State to strict proof of the material facts in the indictment, and even in that case it is not altogether clear that the rule was not extended too far. The other was the case of White v. Yell, decided at the July Term, 1851. A plea in abatement averring a former action pending between the same parties on the same cause of action, was interposed without affidavit. The question was whether the averments should be vei’-ified by affidavit. It was held that they should, but expressly upon the ground that in abatement greater certainty of pleading was required, and that although the rule might be different in ordinary pleading, yet the facts, although prima facie of record, should be verified by affidavit. We are not however called upon to decide, nor do we intend to be understood as deciding, what the practice in such cases should be. The question is not before us upon demurrer. Turning to the more immediate subject before us, there can be no doubt of the right of the defendant to file one rejoinder. This he could have done without leave of the court; and if the plain-tifi’s motion had been to strike out all but one of them, it should have been sustained. His motion was, however, general and embraced all of the rejoinders, and as the motion came as an entire proposition to strike them all out, unless no one of them presented matter which, if well pleaded, would have been a legal response to the replication, it was correctly overruled. The court was not bound to separate an entire proposition, and sustain the motion as to part and overrule it as to the balance. State v. Jennings, use, &c., 5 Eng. Rep. 428. The judgment of the circuit court must be affirmed.