## STILES v. LACY.

1. Duplicity in a replication to a plea is bad on general demurrer, notwithstanding the act abolishing special demurrers.

Error to the County Court of Marengo.

ASSUMPSIT on promissory note.

The defendant pleaded, that subsequent to the making of the promises in the plaintiff's declaration, he obtained a certificate in bankruptcy from the District Court of the United States for New Hampshire. Accompanying the plea, is a certified copy of the proceedings in bankruptcy.

The plaintiff demurred to the plea, which being overruled, he replied, "That the certificate and discharge therein alledged, if granted at all, was fraudulently obtained by said Stiles—in this, that the said Stiles did not reside nor have his place of business in the State of New Hampshire, when said discharge and certificate were granted, at the time of filing his petition for said discharge, nor at any other time since, but that he then did and still does reside and do business in the State of Alabama. That the application for discharge was voluntary, and before applying for said discharge, and in contemplation of bankruptcy he made conveyances of a portion of his effects for the purpose of preferring some of his creditors over others. That the said Stiles did not render up all his property, rights and credits, as is required by law in such cases, but knowingly withheld more than said law allows, and, for not giving said Lacy notice of his application ; and this," &c.

The defendant demurred to this replication and the Court overruled the demurrer. And thereupon, on issue joined, the jury found a verdict for the plaintiff, and the Court rendered judgment from which this writ is prosecuted. The defendant assigns for error the judgment of the Court on the demurrer.

STEWART, for plaintiff in error.
B. F. PORTER, contra.

ORMOND, J.—We do not think it proper to examine the merits of the question presented on the pleadings, as the replication to the plea is so defective that it cannot be sustained. It contains several distinct and unconnected matters of defence—that the Court in New Hampshire had not jurisdiction to render the decree, because the defendant was a citizen of Alabama—that the application was voluntary and fraudulent, and that the plaintiff had no notice of the intended application.

The statute authorizing several pleas extends only to pleas to the declaration, and does not embrace replications, rejoinders, or any of the subsequent pleadings. This was held by this Court in Gray v. White, 5 Ala. Rep. 490, as it regards several rejoinders to a replication. The replication in this case is precisely the same as if three distinct replications had

been formally made to the plea. If that could be tolerated, it would be in the power of the other party to make several re-joinders to each replication, and thus an infinity of issues would be presented.

Our statute allowing several pleas is in substance that of the 4 Anne, under which it has always been held that it does not extend to the pleadings subsequent to the pleas to the de-claration.    5 Bac. Ab. Pleas 447, K. 3, Com. Dig. Pl. E. 2.

The duplicity of this replication is not protected by the sta-tute abolishing special demurrers.    Duplicity in a plea would not be reached by a special demurrer, because the party may plead more pleas than one, and therefore to embrace several distinct matters of defence in one plea, as it would in effect be pleading several pleas, is matter of form and not substance. But as but one replication can be made to a plea, duplicity is matter of substance and not form, which was all that the statute was intended to provide against.

Let the judgment be reversed and the cause remanded, that the plaintiff may, if he thinks proper, amend his replication.