## VANCE v. WELLS & CO.

1. Where several replications are made to one plea, the Court, on motion, will strike out all the replications but one, and put the plaintiff to his election which he will retain. Or the objection may be made by a demurrer to all the replications, but not by a separate demurrer to each.
2. Where goods are furnished to a married woman, on the faith of her separate estate, or she executes a note as the surety of her husband, there is such a moral obligation to pay the debt, as will support an action at law on a promise to pay, after the coverture has ceased.
3. Where a married woman, having a separate estate, executes a note in her own name, it is *prima facie* evidence that the goods were furnished, or credit given, on the faith of her promise.

Error to the Circuit Court of Russell.

Assumpsit by the defendant against the plaintiff in error.

The declaration is upon a promissory note. The first count is in the usual form upon the note. In the second count, after declaring upon the note in the usual way, it proceeds to alledge that in consideration of her liability upon the note, and in consideration that the plaintiffs would indulge her for the space of three months without suit, the defendant pronounced to pay the sum due upon the note, on request, and an averment that the indulgence was given, and that on request she refuses to pay. To this count the defendant demurred, and her demurrer being overruled, pleaded the general issue. 2. Coverture at the date of the note.

The plaintiffs took issue on the first plea, and to the second, replied—first, that after the death of the defendant's husband, in

consideration of indulgence for three months, she promised to pay the note, and avers that the indulgence was given.

Second, that at the time the note was given by the defendant, she had a separate estate, and after she became discovert promised to pay it.

Third, that when the note was executed by defendant, she had a separate estate, and after she became discovert, in consideration of forbearance, promised to pay the debt, and that the indulgence was given.

To each of these replications the defendent demurred. The Court sustained the demurrer to the second replication, and overruled it as to the first and third—upon which the defendant took issue.

Upon the trial it appeared, that the defendant at the date of the note was a married woman, living with her husband, and testimony was offered, conducing to show, that she had a separate estate, but there was no proof that the plaintiff gave her credit on the faith of her separate property, or that any thing was said about it, at the time; or that the goods purchased, and for which the note was executed, went to her separate use. It was also proved, that after the death of her husband, she promised to pay the note, if an indulgence of four months was given to her, which was accordingly done. It did not appear that when she made the promise, she was aware that she was not liable on the note. Upon this state of facts, the defendants' counsel moved the Court to charge, that before they could find for the plaintiff, they must be satisfied that credit was given to the defendant by the plaintiffs, on account of her separate estate, otherwise the plaintiff could not recover on the subsequent promise.

2. That before the plaintiffs could recover, they must satisfy the jury, that at the time the subsequent promise was made, the defendant knew, that by means of the coverture she was not liable upon the note.

3. That in this form of action, the plaintiff cannot recover, if the defendant had a separate estate at the date of the note, out of which she was bound to discharge it.

4. That no admission made by the defendant, as to her owning a separate estate, made during coverture, and after the death

of her husband was admissible in evidence. These charges the Court refused to give, and the defendant excepted.

The assignments of error are—1. In overruling the demurrer to the second count of the declaration.

2. In overruling the demurrer to the first and third replications.

3. In the refusal to charge as moved for.

BELSER, for plaintiff in error.

No counsel appeared for the defendant.

ORMOND, J. It is now objected that the Court should have sustained the demurrers to the replication to the second plea, because more than one replication to a plea is not allowed. It is true that this Court, in Gray v. White, 5 Ala. Rep. 490, and again in Stiles v. Lacy, 7 Ala. Rep. 17, held that to be the law, but the objection to this vicious pleading, has not been taken in such a way, that in can be noticed by this Court. The proper mode would have been, to move the Court to strike out all the replications but one, and the plaintiff would have been put to his election which he would retain; or it might have been reached by a general demurrer to all the replications. A separate demurrer to each, did not raise this question in the Court below, and for that reason, it cannot be for the first time sprung upon the plaintiff in this Court. We must therefore consider the sufficiency of the pleadings brought to view by the demurrers—the second count of the declaration, and the first and third replications to the second plea.

The law of this case, as expounded by this Court when the case was last here, is, that the defendant was liable upon her promise made after the coverture had ceased, if the promise made during coverture was supported by a moral obligation, and the subsequent promise made upon sufficient consideration.

The moral obligation would be established, by showing either, that the goods for which the note was given, were furnished on the faith of the separate estate which it appears the wife had, or that the note was executed by her as the surety of her husband. That, was the case of Lea v. Muggeridge, 5 Taunton, 37, where the question was elaborately considered, and we think that the fact, that the defendant had a separate estate, and whilst a *feme co-*

51

*vert* executed the note in her own name, would be at least *prima facie* evidence that the goods were furnished, or credit given, on the faith of her promise to pay; and that consequently, there was a moral obligation resting on her to pay the debt, which could be enforced at law, upon her subsequent promise. Nor can it be doubted, that the delay would be a sufficient consideration to sustain it.

To apply these principles to this case. The demurrer to the declaration was properly overruled, as it is perfectly good upon its face. The fact of coverture when the note was executed, does not appear in the declaration, but is disclosed by the plea, in answer to which the plaintiff undertakes by his replication to show, that notwithstanding such was the fact, he is still entitled to recover. The inquiry then is, is the replication sufficient, according to the principles above laid down. Neither of the replications are sufficient. It should have been averred, that the note was given under such a state of facts, as would show that the defendant was under a moral obligation to pay it; as for example, that the consideration of the note was goods, or money furnished upon the faith of her separate estate; or that she became the surety of her husband, and that after the death of her husband, she promised on sufficient consideration to pay it. The Court also erred in refusing the first charge moved for by the plaintiff in error. Let the judgment be reversed and the cause remanded.