## WILLIAMS, Judge, &c., v., HINKLE et als.

1. A motion to strike out a plea, is addressed to the discretion of the court, and its refusal, is not a subject of revision in this court.

2. Where a suit is instituted on an administration bond, against the administrator and his sureties, each may sever, and plead as many pleas as he may deem necessary to his defence.

3. In an action on an administration bond, against the administrator and his sureties, suggesting a *devastavit*, a judgment against the administrator *de bonis intestatis*, is not conclusive against the sureties, but it devolves on the plaintiff to show an actual *devastavit*, in order to fix their liability.

4. A judgment rendered against an administrator *de bonis intestatis*, in an action on a note payable to, and indorsed by him, in his representative character, is a clerical misprision, and in an action on the administration bond, against the administrator and his sureties, is insufficient to charge the sureties for an actual *devastavit* of the administrator.

Error to the Circuit Court of Lowndes. Before the Hon. Nathan Cook.

THIS was an action of debt, by plaintiff, against the defendants in error, on an administration bond, suggesting a *devastavit*. The facts, and errors assigned, sufficiently appear in the opinion delivered by the court.

J. M. Boling, for plaintiff in error.

1. The security of the administrator is bound for all the assets which come to the hands of the administrator, and should not be allowed to plead any thing which the administrator cannot, and therefore should not be allowed to sever in his pleas.

2. The pleas are all special, yet they amount to the general issue, if they amount to any thing, and are therefore bad. 1 Chit. Pl. 526-7-9, Am. fm. 6 Lon. ed. The proper course, is, to move to set aside such pleas. 1 Chit. Pl. 528, Ld. ed.

3. The second plea of Graves, alleging that the contract upon which the judgment in the circuit court of the United States was rendered, is not such a one with which the estate of George Clark could be charged, is bad, as being a subtle plea, in pleading matter arising before the judgment, and should have been stricken out. 1 Chit. Pl. 575.

4. The demurrers to each of the pleas of defendant Hinkle, certainly should have been sustained. Thompson v. Searcy and Fearne, 6 Port. 393; Dean et al. v. Portis, 11 Ala. 104. The demurrers, in like manner, should have been sustained to each of the pleas of Graves. See same authorities.

5. The inventory of an administrator, is sufficient evidence to charge himself and securities, and he must account how he has disposed of the assets. Ordinary v. Philpot, 1 Bay. 462; 3 Am. Dig. 274; Miller v. Gee, 4 Ala. R. 459; Dean et al. v. Portis, 11 Ala. R. 104.

6. A judgment cannot be impeached collaterally for error, while unreversed. White v. Albertson, 3 Dev. 241; Williams v. Woodhouse, ib. 257; Perryman v. The State, 8 Mass. 268; Obert v. Hammel, 3 Harr. 73; Barrister v. Higinson, 3 Shep. 73; 2 Sup. U. S. Dig. 230, § 291.

7. A judgment C. C. P. cannot be impeached as erroneous, in an action on such judgment, the proper remedy being by writ of error. Cook v. Darling, 18 Pick. 393; 8 Watts & Serg. 387; 2 Sup. U. S. Dig. 231, § 323; 233, § 341, 342.

8. A state court cannot inquire into the record of a circuit court of the United States. Pigot v. Davis, 3 Hawkes, 25; 2 Sup. U. S. Dig. 250, § 63. Can only inquire into any judgment upon the ground of fraud.

Judge, contra.

1. The motion to strike out the pleas was addressed to the discretion of the court below, and is not revisable on error. Johnson v. Wren, 3 Stew. 172; Turner et al. v. Brown, 9 Ala. 867.

2. It is perfectly clear, that defendants had a right to sever in their pleas; if not, however, the defect could not be reached by a separate demurrer to each plea. Vance v. Wells, 8 Ala. 399.

3. And the several pleas of defendants were well pleaded; but if they were not, plaintiff has not been injured, his evidence, (the whole of which is set out in the bill of exceptions,) showing he would not have been entitled to recover, no matter what the pleas, or whether well pleaded.

4. There was no error in the instructions of the court to the jury. The plaintiff was not entitled to recover as against Graves, because the judgment rendered against Hinkle in the United States court at Mobile, was on a cause of action created by him in his own name and right, and is in effect a judgment *de bonis propriis.* McEldery v. McKenzie, 2 Por. 33; Oliver, adm'r, v. Hearne and Whitman, 4 Ala. R. 271; Johnson v. Gaines, 8 Ala. 791; Skinner v. Frierson and Crow, ib. 915. And a return of "no property found," on an execution issuing on such a judgment, was not sufficient proof of a *devastavit* against Hinkle. Faulk v. Judge Co. Ct. Mo. Co. 2 Porter, 538; Quigley v. Campbell and Cleaveland, 5 Ala. 76. An *actual devastavit* must be shown, to charge the surety of an administrator on the administration bond. Thompson v. Searcy and Fearne, 6 Por. 393; Miller v. Gee, 4 Ala. 361; Dean et al. v. Portis, 11 Ala. 104.

CHILTON, J.—This was an action of debt, upon an administrator's bond, against the administrator, and one of his securities. The breach assigned, is, the non-payment, by the administrator, Hinkle, of $708, and cost, being the amount of a judgment recovered against him, as administrator of George Clark, by James H. Levwich & Co., for whose use this suit is brought, in the circuit court of the United States holden at Mobile, Alabama, which judgment was to be levied *de bonis intestatis,* in the hands of said Hinkle unad-

ministered. The plaintiff avers waste of the assets of the estate of the administrator, of greater value than would satisfy said judgment, and costs.

The defendants pleaded separately. The surety, Graves, pleading—1. Performance generally. 2. That he is but the security of Hinkle on the bond, and that no judgment against said Hinkle has been regularly rendered in favor of Levwich & Co., upon any contract with which the said estate of Clark could be charged in a court of law. 2. *Nil debet.* Hinkle pleaded—1. Performance generally. 2. *Plene administravit.* 3. *Plene administravit, præter,* the sum of ——, paid upon his resigning the administration, to one Lamkin, who was appointed his successor, as administrator *de bonis non* of Clark.

The plaintiff moved the court to strike out, or set aside, all the pleas, upon the ground that the defendants could not sever in their pleading, which motion, the court overruled. The plaintiff then renewed his motion, to strike out each plea separately, which was also overruled. The plaintiff then took issue on the fourth plea of defendant, Graves, and demurred to each of the others, which demurrers were overruled. Issues being formed on all the pleas, the plaintiff read to the jury the bond declared on, and the inventory of property of the estate of Clark, which came to the hands of Hinkle, the administrator, amounting, in value, to $157,875 98; also, a transcript of the record, showing the rendition of a judgment by the circuit court of the United States, at Mobile, for the sum of $708, in favor of James H. Levwich & Co., against said Hinkle, as administrator of Clark, to be levied of the goods and chattels of said George Clark, deceased, in his hands to be administered. This judgment, as appears by the record, which is set out in the bill of exceptions, was rendered upon a note, a copy of which is set out, as follows:

"Lowndes county, Jany. 11th, 1837.

"Sixty days after date, I promise to pay James Hinkle, administrator of George Clark, deceased, or order, six hundred and five 67-100 dollars, negotiable and payable at the Branch of the Bank of the State of Alabama, at Mobile.

Jno. M. Hamilton.

(Indorsed) *James Hinkle,* adm'r."

Upon this judgment, execution had issued against the goods and chattels of Clark, and had been duly returned "no property," &c.

The court charged the jury, that this evidence would not authorize the plaintiff to recover in this action, against either of the defendants. Further, that the judgment in the circuit court of the United States, was not such as would bind the estate of Clark, the intestate, or the securities of Hinkle, on his administration bond, but that it was a judgment against Hinkle, in his individual, not in his representative capacity, as administrator of Clark's estate.

The plaintiff having duly excepted to the several decisions and charges of the court, assigns thereupon, several errors, which may be reduced to three, namely: That the court erred—1. In refusing to strike out, or set aside, the pleas. 2. In overruling the demurrers to them; and 3. In the charges given to the jury. We will examine these in their order.

1. The refusal of the court to reject, or strike out, the pleas of the defendant, was a matter of discretion, and is not subject to revision in this court. Johnson v. Wren, 3 Stew. Rep. 172; Stanley et al. v. Hill, 9 Porter's Rep. 368; Turner v. Brown, 9 Ala. Rep. 867. So far as respects the right of the defendants to sever in their pleadings, were this not allowable in such case as the present, it may well be questioned, whether the plaintiff has pursued the proper course, to avail himself of the supposed defect. The rule adopted by this court in Vance v. Wells & Co. 8 Ala. Rep. 399, as to the mode of taking advantage of several replications to one plea, when the plaintiff was entitled to but one, would apply, it would seem, in principle, to cases like the present. This requires the party to move to strike out all but one, or to demur to the whole generally, so that the court may put the party to his election, as to the one on which he will rely. But there is no rule of law requiring the parties to plead jointly. The statute authorizes the defendant in any cause, to plead as many pleas as he may judge necessary to his defence, (Clay's Dig. 332, § 109,) and it might be necessary for the surety's protection, to plead matter personal to him-

self, in which the other defendant could not join, and which, in fact, would not, as to him, amount to a defence.

2. In respect to the several pleas, which were demurred to; the view we take of the case, as presented by the bill of exceptions, on the point arising out of the charge of the court, renders it unnecessary to enter into an examination of them, for if the plaintiff has shown that he cannot recover under any state of the pleadings for which he insists, it is clear that he has sustained no injury from the mispleading of which he complains. We would, however, observe, that we do not agree with the counsel for the plaintiff in error, that the defendants are confined to the plea of not guilty or *nul tiel record*, in an action upon the bond, suggesting a *devastavit*. In the case of Perkins v. Moore, judge, &c., at the present term, we decide, that the final judgment of the orphans' court, against the executor, upon the settlement of the estate, after a return of *nulla bona*, fixed a *devastavit* upon him, for which his sureties were liable. In that case, the extent of the *devastavit* had been ascertained by a court of competent jurisdiction. The case before us is different. In this proceeding the *devastavit* is to be ascertained, and the security is liable, not for the constructive, but to the extent of the *actual waste* of the assets committed by the administrator. By the common law, a judgment against an executor or administrator, upon demurrer, or by default, or upon any plea, except *plene administravit*, or admitting assets to a certain amount, and *riens ultra*, was conclusive upon him, that he had assets to satisfy such judgment. 1 Saund. 219, b.; 2 Williams' Ex'rs, 1201. So that, if the executor, &c. failed to plead *plene administravit*, or *plene administravit præter*, he cannot, afterwards, upon a *scire fieri* inquiry, or to an action of debt, suggesting a *devastavit*, insist upon such plea. Our statute, however, declares, that "no security for an executor or administrator, shall be chargeable beyond the assets of the testator or intestate, on account of any omission or mistake in pleading of the executor or administrator." Clay's Dig. 228, § 34. From this, it would seem necessarily to follow, that the surety is not concluded by the omission of the administrator to defend the action against him, by pleading, and proving, that he had fully administered.

3. We come then to the examination of the third and last point involved, namely, the sufficiency of the judgment rendered in the circuit court of the United States, to support the plaintiff's action.

In Oliver v. Hearne & Whitman, 4 Ala. Rep. 271, the declaration described the making of the note sued upon by the defendant as the administrator of one McGill dec'd, and averred that the said defendant thereby promised as adm'r to pay &c. Held the declaration was against the defendant individually and not in his representative capacity, and that a judgment *de bonis intestatis* thereupon rendered, must be considered a clerical misprision. Adm'rs of Weatherford v. Weatherford, 8 Por. 171 ; McElderry & Chapman v. McKenzie, 2 ib. 33—So, in a count for money lent to the defendant as *executor*, in consideration of which he promised, *as such executor*, to pay, &c., it was held, he, and not the estate he represented, was liable. Rose v. Bowler, 1 H. Black. 108. So also, in *indebitatus assumpsit*, for money had and received by defendant *as executor*, in consideration of which, he promised, *as executor*, to pay, &c., the judgment is *de bonis propriis*, and *plene administravit* cannot be pleaded. 2 Williams' Ex'rs, 1089 ; 4 T. R. 347.

These authorities clearly show, that the administrator's endorsement of a promissory note, made payable to himself, although he is described in the note as administrator, and affixes that designation to his signature, does not create a liability against the estate, and that the declaration which sets forth such cause of action, does not authorize a judgment against the unadministered assets of the estate in his hands.

The form of the present judgment, so far as it purports to bind the assets, being a clerical misprision, shall the security be affected thereby, and rendered liable for a debt which he would not otherwise be compelled to pay? Before the securities of the administrator can be made liable for a *devastavit*, there must be a judgment against the administrator on such proceedings as the execution may rightfully go against the goods, &c. of the intestate. For if the proceedings be against the administrator in his individual capacity, it is clear that he has had no opportunity of pleading that he has fully administered, or that no assets have come to his hands. Such

is the situation of the case at bar.   The proceedings clearly show, that no judgment could regularly have been entered *de bonis intestatis,* and that such entry is a clerical misprision. The cause of action is one upon which the estate was not chargable; and for which, the security for the faithful application of the assets, should not be made liable.

We are aware of the rule, which forbids that a judgment should be collaterally impeached ; that where the court rendering it has jurisdiction, the judgment, however irregular, must stand in full force, until set aside by a direct application.   We do not trench upon this salutary rule.   This action is not upon the judgment ; it is but inducement—though its existence is a necessary averment in the declaration to sustain the plaintiff's action.   As to its effect between the parties, we have nothing to do ; all we decide, is, that the surety is not to be made liable for *devastavit,* because the clerk, in entering up the judgment, has made a mistake, or in other words, that a judgment, to be levied *de bonis intestatis,* rendered in an action against the administrator, in his individual capacity, and upon a cause of action for which the estate he represents was not liable, is not sufficient to charge the security upon his bond.   This conclusion would seem to follow, from the previous decisions of this court.   In Burke v. Atkins, et ux., 2 Por. 236, and Faulk v. judge, &c. of Monroe county court, ib. 538, it was held, that a suit could not be maintained on an administrator's bond against the surety, where it does not appear *that a judgment has been regularly rendered against the administrator, as such.*   So, in Quigley v. Campbell and Cleaveland, 5 Ala. Rep. 76, where a judgment was obtained against an administratrix, under the statute of set-off, upon the certificate of the jury, that the plaintiff was indebted *to the* defendant, it was held that such judgment raised no presumption of assets, for the reason, the administratrix had no opportunity to rely upon the plea of *plene administravit.*   We think the court below, very properly regarded the mistake which was amendable, as amended, and treated the judgment as *de bonis propriis.*

As, then, the record does not show that the plaintiffs are judgment creditors of the estate of Clark, and this, as we have seen, is necessary to be shown, to entitle them to a

judgment—(Thompson, use, &c. v. Searcy & Fearne, 6 Por. 396; 4 Ala. Rep. 361; 11 ib. 104; Perkins v. Moore, judge, &c., *supra*)—it follows, they could not sustain this action upon the bond, as it contains no provision against the non-payment of Hinkle's individual debts. The court, therefore, properly charged the jury as to the insufficiency of the judgment, and that the plaintiff, under the proof, was not entitled to recover. This being the case, although there may have been error in deciding upon the pleadings, there was not, and could not have been, any injury resulting therefrom to the plaintiff. Judgment affirmed.