# MARSHALL *vs.* BETNER.

1. A plea to an action for wrongfully and vexatiously suing out an attachment, which avers that the attachment "was not sued out wrongfully, maliciously, or vexatiously, or without reasonable or probable cause," presents a substantial defence to the action, and is not demurrable.

2. A declaration in case for wrongfully and vexatiously suing out an attachment before a justice of the peace in Mississippi, which does not show that such justice had authority by the laws of that State to issue attachments, and which contains no averment connecting the defendant with the levy thereof, discloses no ground of action, and is bad on demurrer.

3. Where an error has been committed against the plaintiff by the court below, this court will not refuse to reverse, and thus deprive him of the privilege of amending, because his declaration, to which a demurrer was improperly overruled, fails to show a good cause of action.

4. In cases where malice is the gist of the action, and vindictive damages recoverable, fees paid to counsel in defending against the wrongful act of the defendant, if reasonable and necessarily incurred, may be proved and considered by the jury in the assessment of damages.

5. A judgment for the defendant in attachment does not estop the plaintiff, when sued for wrongfully and vexatiously suing it out, from proving that the debt, upon which the attachment issued, was actually due. Such evidence is admissible to show probable cause, and repel the presumption of malice.

Error to the County Court of Dallas.

GAYLE, for the plaintiff in error:

1. The court should have sustained the demurrers to the 3d and 5th pleas. These pleas are double.

2. In any action on the case it is only necessary for the plaintiff to allege and prove the consequential damage, and the facts, or conduct of the defendant, out of which it grew. If any law justifies the conduct of the defendant, he must show it. The defendant is liable by the common law for the damages sustained by the plaintiff, in consequence of the wrongful seizure of his property under the attachment, and if there is any law of Mississippi, exempting him from the common law rule, it is for him to plead and prove it.

3. The court should not have excluded the evidence showing the expenses incurred in counsel fees in defending against the attachment.—Weaver v. Puryear et al., at the last term.

4. The court should not have excluded the testimony of Patton and James, which went to show the injury sustained by the plaintiff in the sacrifice of his goods and loss of his credit and business. The action is for wrongfully, vexatiously and maliciously suing out the attachment, and vindictive damages are recoverable.—Kirksey v. Jones, 7 Ala. 622.

5. The court should have excluded the evidence of indebtedness by the plaintiff to the defendant, at the time the attachment was sued out. The judgment in favor of the defendant in the attachment is conclusive, and estops the plaintiff in that suit (the defendant in this) from proving such indebtedness.—Kirksey v. Jones, 10 Ala. 839.

LAPSLEY, for the defendant:

1. It is contended for the defendant in error, that the declaration contains no cause of action, and therefore it is immaterial to the plaintiff what may have been the ruling of the court below, as he cannot be thereby injured. It is no where alleged that any unlawful act was done by this defendant. From aught that appears, all that was done by this defendant was fully justified by the laws of Mississippi. But it may be said, this is a common law action, and that in the absence of any evidence showing the statutory law of Mississippi, it will be infered that the common law prevails there, and that the proceedings were under that law. This ground is liable to several objections. In the first place, no such proceeding as is stated in the declaration is recognised or authorised by common law; the writ of attachment would be a mere nullity, and would be no authority to the sheriff or any one else to intermeddle with the goods of the plaintiff, and the sheriff acting under it would be a mere trespasser, without any pretence of authority. The declaration does not allege that the defendant did anything more than to make affidavit, give bond, and cause attachment to be sued out. This, for aught that appears, was a perfectly harmless act, and so far as appears from the declaration, the defendant's action here ceased. If the views taken above are correct, as seems to me clear, then it is needless to look further into the case. Judgment was, in any event, properly rendered for defendant.

2. The evidence was properly excluded. At best, what the witness James states about the damage done to plaintiff's business was a mere opinion. Besides, the declaration contains no averments of special damage, to let in such testimony; and if it did, such loose declarations were calculated rather to mislead the jury than bring them to any correct conclusion.—Donnell v. Jones & Co., 13 Ala. 490. This likewise applies to all the other assignments of error for excluding testimony offered by plaintiff.

3. If the judgment was procured by fraud, as contended, inquiry was not precluded. The judgment was brought directly in issue, and if it could be shown that it was procured by fraud, such proof was, to say the least, allowable in mitigation of damages, to show the absence of malice—that the defendant believed, or had a right to believe, that the plaintiff was indebted, as shown by his own admission, just before the attachment was

sued out.   The same remarks apply to all the other testimony which was admitted against the objection of the plaintiff.

CHILTON, J.—This was an action on the case for wrongfully and vexatiously suing out an attachment in the county of Itawamba, in the State of Mississippi, by the defendant in error, who was also the defendant below, against the plaintiff.

The defendant below demurred to the declaration, but the demurrer was overruled.   He then pleaded six several pleas, to four of which a demurrer was interposed by the plaintiff.   The court sustained the demurrer to two of them and overruled it as to the other two.   The pleas held good are as follows: "Third: that the said attachment, for the alleged wrongful, malicious, and vexatious suing out of which this action was brought, was not sued out wrongfully, maliciously, or vexatiously, and was not sued out without reasonable or probable cause."   The fifth plea: "that said attachment, mentioned in the said plaintiff's declaration was not vexatiously, or maliciously, nor without probable cause sued out."

1.   The first two assignments of error present for our consideration the sufficiency of these pleas.   The plaintiff in error insists that they are bad for duplicity, but if they are liable to this objection, it could only be taken by special demurrur, which is not allowed in this State.—Stiles v. Lacy, 7 Ala. 17.   They present however, a substantial defence to the action, and were therefore properly sustained.

2.   Before going more at large into the consideration of the numerous questions presented by this record, it is proper to notice an objection raised by the defendant in error, which, if his position be correct, will render any inquiry into the errors assigned unnecessary.   It is insisted by him that the declaration to which he demurred contains no ground of action, and that however many errors may have intervened, this court should not reverse, for the reason that the plaintiff has not been injured. We have looked into the declaration, and feel constrained to hold that both counts are fatally defective.   Conceding that this is an action based upon the common law right to recover for the injury sustained in consequence of the wrongful, malicious, and vexatious use of the process of the courts of Mississippi, and further conceding that the common law must be presumed to be

in force in that State, no statute having been produced in any way affecting this action, yet the declaration is fatally defective in failing to connect the defendant below with the issuance or execution of any process known to the common law, in consequence of the issuance or execution of which the injury complained of accrued. It is averred that he caused and procured to be sued out, wrongfully, maliciously, &c., an attachment against the plaintiff, which attachment was issued by one Gaither, an acting justice of the peace for Itawamba county, in the State of Mississippi, and that afterwards the said writ of attachment was placed in the hands of one James, then sheriff of said county, &c. Now assuming the common law to be in force in that State, the writ of attachment, as a summary process used by us for the collection of debts, being unknown to the common law, and the justice of the peace having by that law no civil jurisdiction, the process issued by him, as described in the declaration, was no more than so much waste paper. The sheriff, by the common law, would have been a trespasser, had he executed it by a seizure of the property in obedience to its mandate. But the declaration not only fails to show any valid process, the abuse of which by the defendant is sought to be made the foundation of this action, but it fails to show that he delivered the writ, or caused it to be delivered to the sheriff, or that he in any way participated in the proceedings which were had under it subsequently to suing it out. Tested then by the rules of the common law, it is very clear, that inasmuch as the defendant below is not connected by any averment with the trespass which the sheriff committed, the declaration cannot be supported.

3. But if the court had sustained the demurrer to the declaration the judgment would have been *respondeas ouster.* The plaintiff could then have amended his declaration, and have averred the authority, in virtue of which such process as was charged to have been issued by the justice was awarded, &c. Is it the correct practice, when the verdict is for the defendant, to refuse to reverse, for the reason that a demurrer was taken to the declaration by the defendant and improperly overruled? We think not. If the entire record affirmatively show that the plaintiff never can recover, and the matter which renders a recovery impracticable is obvious and undisputed, the court will not reverse for other errors, since it would do an useless thing.—Brock et al. v. Young,

4 Ala. 584. The case of Caruthers & Kinkle v. Mardis, adm'r, 3 Ala. 599, is in principle similar to the one before us, where the court reversed and remanded. We must then look further into the record.

4. It is, however, unnecessary to examine critically each of the other errors assigned. The law which applies to most of them will be found settled in the cases of Donnel v. Jones, 13 Ala. 490, and 17 ib. It is very clear that much of the testimony offered was matter of opinion. merely, the witnesses stating no facts which would enable the jury to form a correct conclusion for themselves. Such are the opinions or conclusions deposed to in respect to the damage and the sacrifice sustained by the plaintiff, in consequence of the attachment, and of forced sales under it. Such testimony was properly rejected; but it is equally clear that a portion of the testimony excluded by the County Court was proper, and ought to have been admitted. The proof made by several of the witnesses of expenses incurred in defending against the attachment should have been allowed. The witnesses, James and Cothan, both state certain sums thus expended.

In cases where malice is the gist of the action and vindictive damages recoverable, the fees paid to counsel for defending the original suit, if reasonable and necessarily incurred, may be proven and taken into consideration by the jury in the assessment of damages. I am aware there is some conflict of authority on this point, but I can readily perceive the justice and good sense of the rule which requires a party, who wantonly and maliciously abuses the process of the court, or sues out an attachment for the purpose of vexing and harrassing the defendant without probable cause therefor, to make good his losses and to furnish complete reparation and indemnity for the injury his malice has occasioned.—See Sedgw. on Dam. 99, and notes. The case of Sandback v. Thomas, 1 Stark. 306, asserts this principle, and although the English courts have refused to follow it, they have uniformly, in some cases directly, and in others indirectly, admitted its correctness. The *King's Bench* had, however, decided otherwise, and the point was considered *res adjudicata.*—Grace v. Morgan, 2 Bing. (N. C.) 534. But in the case, of Hadden v. Mills, 4 C. & P. 486; (S. C. 19 Eng. C. L. R. 487,) which is a case almost identical in its main features with

the one at bar, Tindal, C. J., told the jury that if they found for the plaintiff, they might, in estimating the damages, give him the extra cost not allowed in taxation, and some moderate compensation for the trouble and anxiety occasioned by the action.

5. The counsel for the plaintiff insists that the effect of the judgment in the attachment cause is to estop the defendant in this suit, and operates so as to preclude him from introducing evidence to show that there was an indebtedness. We do not assent to this proposition. He may show there was probable cause, and to this end may introduce his notes and prove the promise of the defendant in the original suit to pay the demand, as deposed to by Cummings. The judgment of acquittal may have been obtained on various grounds, and in this suit does not preclude the defendant from going into all the proof showing the causes which existed for suing out the attachment, and explanatory of his conduct and motives as showing an absence of malice. The case of Hadden v. Mills, *supra*, is in point. That was an action for arresting and holding the party to bail, without reasonable or probable cause. The suit was upon a bill for £50, and the defendant had judgment. Tindal, C. J., said, "The judgment alone would not be sufficient. I think that what was admissible in an action on the bill, is admissible also in the present action." It is very clear that if the plaintiff would be entitled to go into such proof, the defendant might also do it, otherwise he could not explain or rebut the proof adduced against him.—See, also, McMahan v. Armstrong, 2 S. & P. 151; White v. Wiley, 17 Ala. 169. In Jones v. Kirksey, 10 Ala. 839, the plaintiff in the original suit had obtained a judgment for the whole of the demand sued upon, and it was held that it was not competent for the other party to show in an action for wrongfully, &c. suing out the attachment, that the amount recovered was for usury. In other words, the court say the judgment, which ascertains the demand, is conclusive evidence of probable cause, until it is reversed or vacated. But in the case before us the judgment ascertains nothing, save that the defendant shall be discharged from the suit and recover his costs, &c. The question in this case is not whether a demand shall be recovered, upon which a jury has heretofore passed, and the court upon their verdict has considered, shall not be recovered; it is, whether the plaintiff in the original suit had

Marshall v. Betner.

reasonable or *probable cause* for instituting the proceeding, and if he had not, whether he was influenced by malice. Any evidence then, which goes to establish the existence of the demand at the time the attachment was issued, tends to prove probable cause, and to rebut the presumption of malice, which would arise from the discharge of the defendant in the attachment suit. When probable cause has been affirmatively established by the judgment, as in Jones v. Kirksey, the question as to malice does not arise. These views, without a particular application of them by us to each portion of the testimony, will be sufficient to direct the further progress of this cause.

Let the judgment be reversed and the cause remanded.