# Doss *v.* Peterson.

*Action on Promissory Note, by Payee against Makers.*

1. *Parol evidence varying terms of note.*—In an action on a promissory note payable unconditionally, and on a day certain, oral evidence of a contemporaneous or antecedent agreement, postponing the time of payment, can not be received.

2. *Promise by widow to pay debt for necessaries contracted during coverture.*—A debt for articles of comfort and support of the household, furnished during coverture, being a charge on the statutory estate of the wife (Code, § 2711), her promise to pay it, made after the death of the husband, is valid and binding on her, especially when indulgence is granted.

3. *Promise to pay debt of third person* —When a promissory note is given and accepted in payment and satisfaction of a debt due by a deceased person, the evidence of the debt being surrendered. and the estate released and discharged, the note is an original undertaking, and the extension of the time of payment is a sufficient consideration to support it.

4. *Bill of particulars.*—In an action on an account, the defendant is entitled to demand a bill of particulars, "or a list of the items composing it" (Code, § 2984); but the statute has no application to an action founded only on promissory notes, the consideration of which is denied by plea.

| 82 | 253 |
|---|---|
| 93 | 511 |
| 82 | 253 |
| 98 | 655 |
| 82 | 253 |
| 100 | 625 |
| 82 | 253 |
| 116 | 118 |
| 82 | 253 |
| 124 | 537 |
| 82 | 253 |
| 128 | 508 |

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. H. SPROTT.

This action was brought by A. J. Peterson, against Mrs. M. L. Doss and Miss F. E. Doss, who were the widow and sister of S. P. Doss, deceased ; and was commenced on the 10th January, 1884. The action was founded on two promissory notes, each signed by the defendants, and payable to the plaintiff; one for $50, dated December 15th, 1881, which purported to be given "for one bay mare named Mattie," and recited that "the mare is to be bound for said debt;" and the other for $866.67, which was dated December 14th, 1881, and payable on the 1st January, 1883. The defendants pleaded the general issue, payment, set-off, and

want of consideration; and issue was joined on these several pleas. There seems to have been no controversy as to the note for $50, and the controversy as to the other related entirely to its consideration. The defendants introduced evidence "tending to show that said note was given for items as follows : $490 claimed by plaintiff as a debt of S. P. Doss on account made in 1880, $310 claimed by plaintiff as a balance due from defendants on account of 1881, and $66.67 as interest on said two items; that the indebtedness of S. P. Doss was secured by a crop lien and mortgage on his crop raised in 1880, and on certain horses, mules, wagons and cattle, for $3,000, dated in October, 1880, and due in January, 1881; that said S P. Doss died in November, 1880, and his estate was insolvent; that the cotton crop was, after his death, turned over to plaintiff under said mortgage, and all the property covered by it, except an old wagon which was valueless, one mule, and the cattle and hogs, which plaintiff released because they belonged, not to S. P. Doss, but to said F. E. Doss; that the defendants had great confidence in the integrity of plaintiff, who was the uncle of Mrs. M. L. Doss, and they did not see the accounts when said note for $866.67 was [executed], but plaintiff claimed that they owed him a large balance on the account of 1881, and proposed, if they would give him their note for $866.67 (being $490 balance of debt of S. P. Doss, $310 defendants' debt, and $66.67 interest), *he would wait on them ten years for the money.*" This last statement was excluded by the court, on motion of the plaintiff, and the defendants excepted. The defendants' evidence tended to show, also, "that when said note was given, it was understood that plaintiff should have all the property covered by said mortgage, except said mule and the cattle and hogs; that he had already received the cotton conveyed thereby," and that, as shown by the account of sales, "nothing was due plaintiff on either of said notes." The plaintiff offered evidence, in rebuttal, showing that, at the time said note was given by defendants, in addition to the mortgage which said S. P. Doss had executed to him, he held another mortgage, which said Doss had executed to one Binford, and which said Binford had transferred to him (plaintiff), in consideration of $500 paid; that the balance due on the two mortgages was more than $866.67; that said mortgages were satisfied, and delivered by him to defendants, at their request; that Mrs. M. L. Doss joined with her husband in the execution of each of said mortgages, and then had a statutory separate estate under the laws of Alabama; "that she obtained articles from both of them, suitable to her degree and condition

in life ; that said debts were secured by said mortgages ; that
said note for $866.67 was given, in part for advances made
to defendants, and in part for the balance due on said mort-
gage debts ; and that said debts were, in part, for articles of
support, suitable to the degree and condition in life of the
said M. L. Doss, furnished to, and used by her as such."
Said Binford testified, for the plaintiff, "that he gave the
credit to said S. P. Doss on the faith of the statutory estate
of his wife, Mrs. M. L. Doss, embraced in the mortgage
transferred by him to plaintiff ;" and he further testified, on
cross-examination, "that he had received from the crop of
said S. P. Doss covered by said mortgage, before he trans-
ferred it to plaintiff, cotton of value more than sufficient to
pay the same."

The bill of exceptions states that defendants "had called
on plaintiff, under the statute, for a bill of particulars, and
was furnished with accounts of sales of cotton for the years
1878 to 1880," inclusive ; and after the evidence was closed,
the court allowed a witness for the plaintiff to testify in ex-
planation of this account of sales. The defendants objected
to this evidence, and excepted to its admission ; but the de-
cision of this court renders it unnecessary to state the facts
relating to this exception.

The court gave the following (with other) charges to the
jury, to each of which exceptions were reserved by the de-
fendants : (1.) "If the jury believe that the notes sued on
were given by the defendants in part payment for debts
contracted by Mrs. M. L. Doss, for goods which were used
by her and her family during coverture ; and that she
owned a statutory separate estate, which could have been
subjected to the payment of said debt ; and that she, to-
gether with said F. E. Doss, after her coverture ceased, ex-
ecuted said note, partly in payment of said debt, and partly
for advances made to said defendants ; then plaintiff is en-
titled to recover, unless said note has been paid." (2.) "If
the jury believe that plaintiff's debt against said S. P. Doss,
secured by the morgage, was contracted in part by Mrs. M.
L. Doss, during coverture, for goods which were used by
her and her family during coverture ; and that she owned a
statutory estate which could have been subjected to the
payment of said debt ; and that she and said F. E. Doss,
after the death of said S. P. Doss, executed said note in
part for said debt, and in part for advances made to them ;
then said note was founded on a legal consideration, and
plaintiff was entitled to recover, unless said note has been
paid." (3.) "If the jury believe that the mortgage of said
S. P. Doss to plaintiff was satisfied by plaintiff, at the re-

quest of the defendants ; and that the corn, hogs and wagon, or any other property embraced in said mortgage, was retained by the defendants ; and that the satisfaction of said mortgage was of any benefit to the defendants ; and that the defendants, after such satisfaction, and after the death of said S. P. Doss, executed said note in part payment for said mortgage debt, and for advances made to defendants at the time of the execution of said note ; then said note is founded on a legal consideration, and plaintiff is entitled to recover, unless said note has been paid."

The exclusion of the evidence offered by the defendants, the charges given, and the refusal of certain charges asked, are now assigned as error.

A. H. McClung, and W. F. Johnston, for appellants.

D. C. Hodo, contra.

SOMERVILLE, J.—1.  The notes sued on being payable unconditionally, and at a time certain, it was incompetent to prove by parol testimony any promise by the plaintiff, contemporaneous with, or antecedent to the execution of the notes, stipulating for a postponement of the time of payment.  Such evidence contradicted the terms of these written instruments, and varied their legal effect, and was properly excluded by the court.

2.  The larger of the notes sued on would be supported by a legal consideration, although a part of it was contracted during the life-time of the deceased husband of Mrs. Doss; such part being for articles of comfort and support of the household, for which her statutory separate estate would have been liable under the provisions of section 2711, of the Code of 1876, then in force.  Her promise to pay such a claim, entered into after the termination of her coverture, would be valid and binding on her, especially with an indulgence of delay in payment.— Vance v. Wells, 8 Ala. 399.

3.  The estate of the original debtor being, moreover, entirely released and discharged, and the promise of the defendants being substituted in place of that of the discharged debtor, the new promise was an original undertaking ; and the time of payment being extended, it was supported by a sufficient consideration.— Hixon v. Hetherington, 57 Ala. 165 ; Thornton v. Guice, 73 Ala. 321, and cases cited ; Underwood v. Lovelace, 61 Ala. 155.

4.  It is only where an account is the foundation of a suit that the statute provides for a bill of particulars, or "a list of the items composing it."—Code, 1876, § 2984; Hayes v.

Vol. lxxxii.

[Browder v. Faulkner.]

*Woods,* 72 Ala. 92. The present suit being on promissory notes, not on a mere account, it is not affected by this statute; and the rulings of the court on this particular phase of the case could not be prejudicial to appellants, on the ground urged, the defendants not being entitled to demand a bill of particulars.

The other objections urged are not well taken.

Affirmed.