[Union National Bank v. Hartwell et al.]

# Union National Bank *v.* Hartwell *et al.*

*Bill in Equity to foreclose and sell Pledges of Stock.*

| 84 | 379 |
| 99 | 385 |

1. *Transfer or pledge of stock by married woman; by what law governed.*—The general rule is, that the validity of a contract made by a married woman, in respect to her separate personal property, is governed by the law of the husband's domicile; and this rule applies to a transfer or pledge of stock in a private corporation organized under the laws of another State, where the rights of creditors are not involved.

2. *Same; under laws of Louisiana.*—Under the laws of Louisiana, as proved in this case and judicially construed by her courts, a married woman can not pledge or bind her separate personal property for the debt of her husband; and a pledge of stock owned by her, or a power of attorney to the husband authorizing him to pledge it, as security for his debt, is void.

3. *Same; ratification.*—Such pledge and power of attorney being void, an order given by the wife, after the death of the husband, authorizing the pledgee to receive the dividends on the stock, not being supported by a new consideration, does not constitute a ratification, nor impart any validity to it.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS W. COLEMAN.

The bill was filed by appellant, the Union National Bank of New Orleans, Louisiana, against Julia Hartwell, a resident of the city of New Orleans, the Mobile Mutual Insurance Company, the Citizens Mutual Insurance Company of Mobile, and the assignee of said last named insurance company. The purpose of the bill was to have certain pledges foreclosed, which were described as fifty shares of the capital stock of the Mobile Mutual Insurance Company, and certain other shares of the capital stock of the Citizens Mutual Insurance Company. These corporations have their principal place of business in Mobile, and were chartered under the laws of Alabama. The pledges, or shares of stock, were the property of Julia Hartwell, by gift or sale from her husband, William Hartwell, now deceased, and which sale, or gift, was made to her after their removal from Alabama to Louisiana, according to the testimony, although the bill alleged it was made prior to their removal. The pledge was made to the complainant by the husband, William Hartwell, under a power of attorney signed by the wife, and to secure to complainant the husband's debt for money borrowed by him from complainant. The transactions con-

nected with the borrowing and pledging took place in New Orleans. The stock, after being pledged, had not been transferred on the books of the companies. The prayer of the bill was that the pledges of stock be foreclosed, that the stock be sold for payment of the debt to the complainant, that the insurance companies be required to make proper entrys and transfers on their books, and for general relief. On the hearing the cause was submitted on pleadings and proof, and the chancellor dismissed the bill.

HANNIS TAYLOR, for appellant.—1. Does the *lex domicilii* or the *lex rei sitae* govern the validity of a pledge of personal property whose *situs* is in Alabama?—*Morris v. Mumford,* 4 Martin, 20; *Ramsey v. Stephenson,* 5 *Ib.* 23; 7 *Ib.* 24; 14 *Ib.* 93; Story Conf. Laws, §§ 383, 391; Wharton Conf. Laws, § 335; 7 Wallace, 139, 152; 19 Ala. 362; 3 Howard, 483; N. J. Eq. Rep. 1 Beasly, 86. 2. The stocks were the equitable separate estate of Mrs. Hartwell.—57 Ala. 127; 61 *Ib.* 77; 78 *Ib.* 555. Mrs. H. had the right to pledge the stock.—61 Ala. 67; Jones on Pledges, citing Dando's App. 94 Pa. St. 76. Mr. Hartwell acted as attorney for his wife. 2. Bish. Mar. Wom. § 395, and cases cited; Jones on Pledges, § 163; 10 Ala. 82; 63 Ala. 593. Mrs. H. ratified her husband's acts after she become a *feme sole.*—Jones on Pledges § 67; 112 Mass. 250; *Lafitte v. Delogny,* 33 La. An. 659, Civil Code, Art. 1786. Upon a careful examination of the case the court can hardly fail to conclude: 1. That the validity of the pledge in question must be tested by the laws of Alabama. 2. That under that law the stocks were Mrs. Hartwell's equitable separate estate which she had the full legal right to pledge for her own or her husband's debt. 3. That the pledge was in fact made with all the formalities which the law requires, and is now subject to foreclosure. 4. That the chancellor erred in refusing the relief prayed by the bill.

G. B. CLARK and F. B. CLARK, JR., *contra.*—On the question of ratification, cited, *Alexander v. Taylor,* 56 Ala. 60; 14 Gratt., 369, 382; *Burr v. Sherwood,* 3 Brad. (N. Y.), 85; Wharton's Conf. Laws, §§ 118, 119, 120, 698. As to the law of the domicile.—*Hill v. Pine River Bank,* 45 N. H. 300–309; Story's Confl. Laws, §§ 66, 66a, 103; *Dow v. Gould Silver Co.,* 31 Cal. 650–652; *King v. Martin,* 67 Ala. 117; *Castleman v. Jeffries,* 60 Ala. 380; Code of Alabama,

[Union National Bank v. Hartwell et al.]

§§ 2041, 2044; *Garnier v. Poydras*, 13 La. 179–182. As to the law of Louisiana, Title 4, Civil Code of La , p. 12; Articles 121, 122, 126, 127, 128, 129: 2325, 2324, 2379, *Moussier v. Zuntz*, 14 La. An. 15. Power of attorney was void.—31 Cal. 629, 653, 654; 30 Cal. Rep. 138, 142, 145; Bishop on Married Women, §§ 602, 604, 711. No consideration for the pledge.—*Rutledge v. Townsend*, 38 Ala. 706; *Sweeney v. Bixler*, 69 Ala. 539. The complainant bank is not a *bona fide* purchaser.

CLOPTON, J.—The validity of the pledge of the stock in controversy depends on the capacity of Mrs. Hartwell, while a married woman, to give her husband a power of attorney to pledge the same under the circumstances of this case. The first question for decision is, what law—whether the law of Alabama, in which State the stock has a *situs*; or the law of Louisiana, where was the domicile of her husband, and where the contract was made—fixes and determines her rights to the stock, and governs her capacity to give the power of attorney. The evidence shows, that it was not transferred to her by her husband, until after they had removed from Alabama, and had acquired a domicile in Louisiana, disproving the allegation of the bill in respect to the time of the transfer. The power of attorney, was executed, and the pledge was made and completed by the delivery of the certificates in the latter State. The statutes of this State declare stock in an incorporated company to be personal property, except so far as it is otherwise controlled by the local regulations. Wherefore, it is only necessary to state the general rules applicable, and which govern the capacity of a married woman to make contracts in respect to her separate personal property, when it is situated in a country other than that of the domicle of her husband. The general rule is, that in such case, the law of the domicile of the husband governs, unless the property, from its peculiar nature, necessarily has an implied locality, or unless the contract is made in the country where the property is situate. If a married woman has capacity, by the law of the domicile, to make contracts, her contracts so made, will be valid in every other country; and if by the law of the domicile she is deprived of such capacity, her incapacity exists in relation to all her contracts, when made at the place of the domicile, though in reference to property in another country.—Story Con. Laws, §§ 66, 66a.

It is insisted that stock in an incorporated company necessarily has an implied locality, and is an exception to the general rule, and that no valid transfer of such property can be made, except in the manner prescribed by the *lex rei sitae.* The statutes of this State make such stock transferable on the books of the company, and any transfer not so made, is void as to creditors and purchasers without notice.—Code, 1886, §§ 1670; 1671. It is not intended to prohibit or render invalid, as between the parties, all other modes of transfer, but to protect innocent creditors and purchasers against secret transfers, by providing a mode which operates as notice to them. To this end and for this purpose the transfer must conform to the mode prescribed. While a transfer in such manner is essential to pass the legal title, and to operate as notice, a purchaser of stock, though a transfer is not made on the books of the company, may acquire such right thereto, as a court of equity will enforce and compel a transfer, if necessary, according to the local law. Parties having capacity, may make valid contracts in reference to such property, though having its *situs* in a different country, and, though the mode of transfer, requisite to protection against the claims of creditors and purchasers, is not observed. The mode of transfer and the capacity to contract in respect to such stocks are distinct and independent matters. *Burr v. Sherwood,* 3 Brad. (N. Y.) 85. But in this case, it is unnecessary to decide whether the law of the domicile, or the *lex loci contractus aut actus* governs the transaction. In either event, it is governed by the law of Louisiana, which is both the place of the domicile, and the place of the contract. And even, if the contention of the complainant were well founded, it would not avail, as the transfer was not made in conformity with the statutes of this State.

As the capacity of Mrs. Hartwell to give her husband a power of attorney to pledge her stock is governed by the law of Louisiana, the next question is, whether such capacity is conferred, or such pledge is prohibited, by the laws of that State. As relating to the transaction, several articles of the Revised Statutes, 1870, were introduced in evidence, in respect to which, we shall be governed by the construction placed on them by the Supreme Court of the State. Under these articles, a married woman may, by and with the authorization of her husband, and with the sanction of the Judge, borrow money, or contract debts for her separate benefit and advantage, and to secure the same, grant mort-

[Union National Bank v. Hartwell et al.]

gages or other security, affecting her separate estate, paraphernal or dotal. In executing the power, the wife in order to bind herself, or her property, must, according to the amount involved, be examined at chambers by the judge of the district or parish, separate and apart from her husband, touching the object for which the money is to be borrowed, or debt contracted; and if he shall ascertain that either the one or the other is for the husband's debt, or for his separate benefit or advantage, or for the benefit of his separate estate, or of the community, the judge shall not give his sanction authorizing the wife to perform the acts, or to incur the liabilities; and, whether separated in property, or not separated, the wife can not bind herself for her husband, nor conjointly with him for debts contracted by him before or during the marriage. Arts. 126, 127, 2398. These articles have been construed as prohibiting the wife from making a contract by which she binds herself, or her separate property, for the debts of her husband, and, as casting the burden on creditors, seeking to subject the property, to show that the debt contracted enured to her use.—*Taylor v. Carlile,* 2 La. An. 579; *Erwin v. McCalap,* 5 La. An. 173; *Moussier v. Zunts,,* 14 La, An. 15; *Hall v. Wyche,* 31 La. An. 734. The evidence clearly shows, that the debt for which the stock was pledged, was the debt of the husband of Mrs. Hartwell, and it is manifest from the foregoing authorities, that by the laws of Louisana, the wife can not constitute her husband her attorney, and empower him to dispose of her separate property, or to bind it, for his own benefit, or for the benefit of his separate estate. The pledge of the stock was unauthorized, and is void.

It is further insisted, that Mrs. Hartwell ratified the pledge after the death of her husband, by giving the complainant an order to receive the dividends. Ratification is in the nature of an agreement, which must be supported by an adequate consideration. A previous express promise which creates a moral obligation, and which could have been enforced by action, but for some positive rule of law, or, have been made available in a defense, may constitute a sufficient consideration; but when the original act or contract is void, because prohibited by law, it can not be regarded as a sufficient consideration to support a ratification. In such case there must be some new consideration, which is wanting in this case.—*Vance v. Wells,* 6 Ala. 737; 1 Par. Con. 465; *Doss v. Peterson,* 82 Ala. 253.

Affirmed.