IZLAR MOTOR COMPANY, a Corporation, v. BEULAH JONES.

183 So. 843.
Division A.
Opinion Filed October 18, 1938.

*H. M. Hampton,* for Plaintiff in Error;
*Scofield & Scofield,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of defendant on demurrer sustained to amended declaration. The amended declaration was as follows:

"On June 7, 1935, plaintiff was engaged in the sale of automobiles at Ocala, Florida, and on said date the defendant applied to the plaintiff to purchase from the plaintiff a certain Pontiac, two-door sedan automobile, and requested the privilege of making a cash payment and the execution of retain title contract for the balance of the

purchase price. The plaintiff then requested of the defendant to know her marital status, and she, the said defendant, informed the plaintiff that she was a widow, having prior to that time been divorced from her husband. That the plaintiff, its agents and servants, had no knowledge of the marital status of the defendant, which defendant well knew, and defendant also knew that the plaintiff would rely upon her statements regarding the same, and thereupon in reliance upon said statements that she, the defendant, was a widow, plaintiff offered to sell said automobile to the defendant for the sum of $1,022.56, which included interest on the deferred payments, upon payment to it of $182.56 in cash; and the agreement of the defendant to pay the balance of the purchase price in twenty-four equal monthly installments of $35.00 each, which the defendant then and there agreed to, and did pay the plaintiff said cash payment; and then and there the plaintiff sold and delivered to her the said automobile and accepted from the defendant a conditional sale contract, by the means of which transaction plaintiff retained the title to said automobile until paid for. A copy of said conditional sale contract is hereto attached and made a part hereof.

"Plaintiff avers that the statements of the defendant, that she, the defendant, at that time was a widow, were untrue and known by the defendant to be untrue, and defendant made said statements for the purpose of inducing plaintiff to sell her the said automobile pursuant to said conditional sale contract; and that plaintiff was induced to make said sale in reliance upon the truth of said statements. That defendant thereafter did procure a divorce from her said husband on January 3, 1936, but plaintiff had no knowledge of the same until the time of the happening of the events hereinafter set forth. That the defendant did continue to make payments on account of the purchase price of said

automobile, having made a number of payments after the date of the decree of divorce. That after obtaining the divorce she, the plaintiff, acknowledged said indebtedness, secured extensions of time in the making of installment payments, recognized the said contract and agreed to carry it out, and did not for a long time thereafter repudiate the same; but on the contrary did recognize said obligation, and promise and agree to pay for the said automobile in pursuance of said conditional sale contract; that defendant paid on account of said purchase contract the total sum of $205.00, leaving a balance unpaid thereon of the sum of $635.00.

"Plaintiff says that the defendants held and kept the said automobile for a long time after obtaining said divorce, making repeated promises to pay, and paying small amounts from time to time, and never denying the validity of said contract or her obligation thereon for a long time, but being so heavily in default plaintiff called upon defendant to do something to relieve such default, whereupon the defendant informed the plaintiff that she was a married woman when the contract was signed and was advised that the said contract was void and unenforceable, and thereupon declined to make any further payment upon the said contract, and there yet remains unpaid thereon the sum of $635.00.

"Plaintiff avers that although the said conditional sale contract was void and unenforceable when made, owing to the defendant's coverture, yet she thereafter recognized the same and promised to pay for said automobile in accordance with the terms of the contract aforesaid, after her discoverture, and having been divorced as aforesaid, she, the defendant, is liable to the plaintiff for the value of said automobile, as fixed by the original contract as aforesaid, so recognized after her discoverture, and because of her agree-

ments made after discoverture to pay for said automobile in accordance with the terms of said contract.

"And plaintiff avers that the defendant has made no other payments than above set forth, and is still indebted to the plaintiff in the amount of $635.00, the balance due upon the contract, aforesaid, together with interest thereon, to be calculated from the due date of each installment, as aforesaid.

"WHERERFORE, this plaintiff brings this suit, and claims $1,000.00."

Copy of the conditional sale contract is attached to the declaration, but the allegations of the declaration make the ratification of the debt and the new promise to pay the same occurring subsequent to the removal of the disability of coverture, the basis of the action. So the question presented is not whether the sale contract is void or not, but it is whether or not a woman who had assumed a debt by the purchase of property during coverture may after the disabilities of coverture have ceased to exist bind herself by subsequent conduct or agreement to pay for the property which she purchased during coverture.

The allegations of the declaration are sufficient to show that by the transaction, memorandum of which was in writing signed by the parties, the married woman, pretending to be a *feme sole,* acquired an equitable interest in the automobile and that such equitable interest became her separate property and inured to the benefit of her separate estate.

So it is not necessary for us to here determine whether or not every new promise made after discoverture is binding because the rule appears to be well settled that though the original promise may have been unenforceable at law, yet, if it is such as is binding in equity on the wife's separate estate, that condition constitutes a sufficient consideration to make the new promise occurring after discoverture bind-

ing and enforceable at law. See Rast v. Norman, 169 N. W. 704, 17 L. R. A. 1296 and notes following on page 1350, Vance v. Wells, 8 Ala. 399; Doss v. Peterson; 82 Ala. 253, 2 Sou. 644. It, therefore, follows that the judgment must be reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.